the performance of the obligation of the bond releases the obligor. "There is no obligation to do impossible things." We are of the opinion that until this matter has been brought to the attention of the criminal court and has been passed upon, no such decree ought to be rendered as prayed for in the petition. The case may pend awaiting future developments.

Common Pleas Court of Licking County.

FLORENCE MAY PECK, EXTRX. V. FLORENCE MAY PECK, ET AL.

Decided February 16, 1932.

*Flory & Flory* and *C. G. L. Yearick,* for the plaintiff. *Jones & Jones,* for the defendants.

MOORE, J.

This suit is brought to construe the will of the late Harold Peck. By the terms of the will the widow is bequeathed the personal property of the decedent absolutely and is given a life estate in the real estate.

At the time of the death of the decedent certain real estate situated on the south side of the square in the city of Newark, Licking county, Ohio, was under lease and contract of sale to the First National Bank of Newark, Ohio. This lease provides that a certain rental shall be paid for the period of five years, at the end of which period the First National Bank is to pay to Harold Peck

the sum of $20,000 for his interest in this real estate, or $40,000 for the entire property.

The question arising under the will is whether or not the $20,000 which will be due from the real estate at the termination of the five years should be treated as real or personal property.

Counsel for the parties have filed briefs and it is claimed by counsel on one side that under the doctrine of equitable conversion the proceeds which will arise from the purchase of this real estate should be treated as personal property and descend to the widow under the terms of this will. Upon the other side it is claimed that there has been no payment made and this contract is merely executory, to take place at the termination of the five-year period, and, unless the contract had been entered into and something paid upon it, it descends as real estate.

It is undoubtedly true, if this contract were a mere option, that equitable conversion would not take place until the exercise of the option but, in the judgment of this Court, this lease is not an option. It is absolute in its terms, and neither party can refuse to execute the contract at the end of the five-year period. In the case of an option the option might be refused, with whatever penalty provided in the contract, but such is not the situation in this case, as an examination of this lease discloses.

The Court thinks that the law on this matter is pretty well settled in Ohio Jurisprudence, Vol. 9, page 719, which is as follows:

"The operation of the doctrine of conversion is considered by the courts of Ohio as well stated by Lord Thurlow as follows:

"'Money directed to be employed in the purchase of land, and land directed to be sold and turned into money, are to be considered as that species of property into which they are directed to be converted; and this in whatever manner the direction is given: whether by will, by way of contract, marriage articles, settlement or otherwise; and whether the money is actually deposited or only covenanted to be paid, whether the land is actually conveyed or only agreed to be conveyed, the owner of the fund, or the contracting parties, may make land money, or money land.'

"Thus where there is an absolute contract to sell land, though the contract is executory, the exchange is treated as having actually taken place, so that the vendor is considered the owner of the purchase money, and the purchaser is considered the owner of the land. Thus, also, where the owner of land dies, leaving a will which directs the executor to sell the land, although the conversion may not have actually taken place, equity regards the executor as having made the exchange, and the assets of the estate to be personal property. In a like manner, where the owner of personal property dies, leaving a will which directs the executor to buy land, equity regards the assets of the estate to be real property."

Again, in the 14th Ohio Jurisprudence, page 111:

"Where an estate is contracted to be sold, equity considers it as converted into personalty. In such case the vendor is a trustee for the purchaser; the purchase money goes to the personal representative of the vendor, and the interest of the vendee descends, to his heirs. Their is no adjudication of the Supreme Court in Ohio, in which the doctrine of equitable conversion is applied to optional contracts, which accepts retrospective operation. Until the option to purchase property under a perpetual lease, which has descended to the lessor's heirs, is exercised, there is no conversion of the real estate into personalty, so that the purchase money should be handed over to the personal representative. The descent to the heir being in the legal channel as marked out by statute, and the lessee having failed to exercise the option to purchase while the lessor was alive, upon what satisfactory ground should the real estate be deemed converted in personalty, as of the date of the lease, for the purpose of diverting the proceeds from the heir to the administrator?" Citing 50 O. S., 346.

In the case at bar the Court thinks that the failure to exercise the option is not the situation, because it is not an option; it is an executory contract, made in all respects binding and which must be executed at the end of the five-year period.

The conclusion of the Court is that this money arising from the sale of this property should descend to the widow and be treated as personal property under the terms of this will. Such is the construction of this Court.